UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN BURNETT,

        Plaintiff,

    v.

                                     Case No. 10-cv-462-JPG

UNITED ADJUSTMENT SERVICE,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Steven Burnett's motion for leave to proceed *in forma pauperis* (Doc. 2) in this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  A federal court may permit an indigent party to proceed without pre-payment of fees.  28 U.S.C. § 1915(a)(1).  Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Burnett's affidavit that he is indigent.  Furthermore, the Court does not find anything to indicate that this action is frivolous or malicious.  Indeed, it appears that Burnett may state a claim for violation of §§ 1692d(5), 1692e(5) and (10), and 1692(f) of the FDCPA.  Therefore, the Court **GRANTS** the motion to proceed *in forma pauperis* without

prepayment of fees and costs (Doc. 2).  The Court notes, however, that should it become

apparent that the action is frivolous or malicious at any time in the future, it may dismiss the

case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must

order service of process by a United States marshal or deputy marshal or other specially

appointed person.  Fed. R. Civ. P. 4(c)(3).

If the plaintiff wishes the United States Marshal Service to serve process in this case, the

Court **DIRECTS** the plaintiff to provide to the United States Marshal Service the summons

issued in this case, the appropriately completed USM-285 forms and sufficient copies of the

complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the

aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure

4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any

manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff.  Costs of

service shall be borne by the United States.

**IT IS SO ORDERED.**
**DATED:  July 15, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
